**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

-----------------------------------------------------------------X
ANTHONY DEGREGORIO,

                            Plaintiff,        15 Civ.

     VS.

                                      COMPLAINT

PORT AUTHORITY TRANS-HUDSON
CORPORATION,

                            Defendant.
-----------------------------------------------------------------X

## PLAINTIFF DEMANDS TRIAL BY JURY

## NATURE OF ACTION

1.      The plaintiff brings this action against the defendant for injuries suffered by him while in the employ of the defendant Railroad.

## JURISDICTION

2.      This Court has subject matter jurisdiction in this case pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51. Venue properly lies in this Court pursuant to 45 U.S.C. § 56.

## PARTIES

3.      The plaintiff is of Whippany, New Jersey.

4.      The defendant, Port Authority Trans-Hudson Corporation (PATH) is a railroad corporation duly established by law, and having a usual place of business in Jersey City New Jersey, and New York, New York.

## FACTS

5. During all times herein mentioned, the defendant was a common carrier engaged in the business of interstate commerce, and as such, operated a railroad in such business between New York and New Jersey.

6. At the time the plaintiff received the injuries complained of, he was employed by the defendant Railroad as a Substation Electrician.

7. At the time the plaintiff received the injuries complained of, the defendant Railroad was engaged in interstate commerce and the plaintiff was employed in furtherance of said commerce.

8. On or about February 6, 2013, the plaintiff was engaged in his duties as an electrician at PATH Substation 22 located at the corner of Columbus Avenue and Warren Street in Jersey City, New Jersey, which Substation, circuit breakers, and all other equipment and appliances appurtenant thereto were owned and/or operated and/or controlled and/or maintained by the defendant.

9. Circuit breakers at Substations weigh up to 300 pounds. From time to time such breakers have to be removed and transported to the Shop. PATH normally equips its Substations with mechanical appliances such as cranes or lifts to assist in the performance of that task.

10. On or about February 6, 2013, a circuit breaker at Substation 22 had to be removed and transported to the Shop. PATH did not provide a mechanical appliance to assist in that task and did not order that one be provided. The only personnel PATH provided to perform that task was the plaintiff and one other employee. Accordingly, the plaintiff and his co-worker had to manually lift the circuit breaker from its table and lower it down onto a hand truck at floor level.

As he was lowering the breaker to the floor, the plaintiff felt a sharp pain in his right shoulder. The plaintiff immediately reported the injury and was seen by PATH's Medical Department.

11. The plaintiff was taken out of service for medical treatment of his right shoulder injury, and as a result of that injury has lost wages and overtime.

## AS AND FOR A FIRST CAUSE OF ACTION

12. The plaintiff adopts by reference and realleges each and every allegation set forth in paragraphs 1 through 11 of this Complaint with the same force and effect as if set forth under this cause of action.

13. The defendant Railroad, its agents, servants, and employees were negligent in one or more of the following ways:

a. failing to provide mechanical appliances or equipment to assist in the task of removing and transporting a Substation circuit breaker;

b. failing to provide adequate manpower to perform the task of removing and transporting a Substation circuit breaker;

c. failing to conduct a job briefing that identified the mechanical assistance and/or manpower for the removal and transporting of a Substation circuit breaker; and

d. failing to act in a reasonably prudent manner under the facts and circumstances surrounding the accident.

14. As a result of the negligence of the defendant Railroad, its agents, servants, or employees the plaintiff was injured.

15. As a result of the failure of the defendant Railroad, its agents, servants, or employees to use reasonable care to provide the plaintiff with a safe place in which to work,

including but not limited to furnishing him with safe and suitable tools, appliances, equipment, manpower, premises, or procedures, the plaintiff was injured.

13.	As a result of the plaintiff's right shoulder injury, he has suffered and will suffer lost wages, medical expenses, pain and suffering, and mental anguish.

**WHEREFORE**, in order to fairly and justly compensate the negligently injured plaintiff and thereby promote safe operating conditions on the defendant Railroad, the plaintiff demands a judgment for damages against the defendant Railroad in addition to any further relief the Court deems just and equitable.

By his attorneys,

By: _____
MARC WIETZKE
Flynn & Wietzke, P.C.
1205 Franklin Ave.
Garden City, NY 11530
Telephone: (516) 877-1234
Facsimile:  (516) 877-1177
MWietzke@FELAattorney.com

       Charles C. Goetsch [CG9082]
       Charles Goetsch Law Offices LLC
       405 Orange Street
       New Haven, CT 06511
       Telephone: (203) 672-1370
       Facsimile:   (203) 776-3965
       charlie@gowhistleblower.com

       Stephen J. Fitzgerald, Esq.
       GARRISON, LEVIN-EPSTEIN,
           FITZGERALD & PIRROTTI, P.C.
       405 Orange Street
       New Haven, CT  06511
       Tel.:  (203) 777-4425
       Fax:  (203) 776-3965
       E-mail: sfitzgerald@garrisonlaw.com